# 23-0905-cv

## United States Court of Appeals
### for the
## Second Circuit

STRUCTURED ASSET SALES, LLC,

*Plaintiff-Appellant,*

– v. –

EDWARD CHRISTOPHER SHEERAN, personally known as Ed Sheeran, SONY/ATV MUSIC PUBLISHING, LLC, ATLANTIC RECORDING CORPORATION, DBA Atlantic Records, BDI MUSIC LTD., BUCKS MUSIC GROUP LTD., THE ROYALTY NETWORK, INC., DAVID PLATZ MUSIC (USA) INC., AMY WADGE, JAKE GOSLING,

*Defendants-Appellees,*

ED SHEERAN LIMITED, GINGERBREAD MAN RECORDS, AMY WADGE RECORDS, STICKY STUDIOS, SONY/ATV MUSIC PUBLISHING, LTD. UK, ATLANTIC RECORDS UK, BDI MUSIC, BUCKS MUSIC GROUP, WARNER MUSIC GROUP CORPORATION, DBA Asylum Records, WARNER MUSIC GROUP, LTD UK, DOES 1-10,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## DEFENDANTS-APPELLEES' OPPOSITION TO MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

DONALD S. ZAKARIN
ILENE S. FARKAS
ANDREW M. GOLDSMITH
BRIAN M. MAIDA
PRYOR CASHMAN LLP
*Attorneys for Defendants-Appellees*
Seven Times Square, 40th Floor
New York, New York 10036
(212) 421-4100

CP COUNSEL PRESS  (800) 4-APPEAL • (324715)

Ignoring the explicit rules of this Court and offering no explanation for their failure to comply with the rules – which require that a request for oral argument must be made within 14 days of the filing of the last appellee's brief (which was filed on December 26, 2023) – the Randy Craig Wolfe Trust and Sound And Color, LLC (collectively, the "Amici Movants") moved on March 1, 2024 for leave to participate in oral argument (the "Motion").

While the lack of timeliness is, itself, a sufficient basis for denying their Motion, it is but one of many reasons that their Motion should be denied. Additional reasons include: (i) that the oral argument Amici Movants propose to make is an argument never raised below by Appellant and hence cannot be made now by Amici Movants; (ii) that Amici Movants in their proposed Amicus Brief and proposed oral argument cannot otherwise add anything that has not been addressed already by Appellant in its briefs on appeal; and (iii) that Amici Movants have already had more than ample opportunity (before a Panel of the Ninth Circuit, before the Ninth Circuit *en banc*, in a *certiorari petition* to the Supreme Court and in a rehearing petition to the Supreme Court) to air the very same baseless arguments they have advanced and seek to reargue here.

In short, Amici Movants' Motion should be denied for the very same reasons that their motion for leave to file an Amicus Brief should be denied: Amici Movants have not demonstrated that their participation is desirable. *See* Defendants-

1

Appellees' Opposition To Motion For Leave To File Amicus Brief ("Lv. Mtn. Opp."), available at ECF 58.

Movants submit they should be permitted to participate in oral argument to "place[] the 1909 Act, and its deposit requirement, in their proper historical framework." Motion at 3. Not only does this Court not need a history lesson from two disgruntled nonparties with no pedagogical qualifications, but their completely unfounded theory about how supposed common law copyright in an unpublished work (and here, *Let's Get It On* is a published work) expands the scope of what is protected by federal copyright beyond the deposit copy required under the 1909 Copyright Act is a complete fabrication. Their "insight" is not shared by any decisional authority. It is not shared by the Copyright Office.[1] It is not shared by the Ninth Circuit. It is not shared by the Sixth Circuit. It is not shared by Judge Stanton. It is not shared by any leading treatise. It appears as well that it was not shared by the Supreme Court, which found nothing in the Ninth Circuit decision that warranted granting *certiorari*.

Instead, reinforcing that their participation in oral argument – and that their proposed Amicus Brief – is not remotely desirable, Amici Movants have **repeatedly** littered their submissions to this Court (including their submission on this Motion)

---

[1] In *Skidmore*, the United States Department of Justice, on behalf of the Copyright Office, as *amicus curiae*, submitted a brief conclusively refuting Movants' invented claims regarding common law copyright. *See Skidmore* Appellate ECF 125 and available [here](here).

with misstatements, misrepresentations and outright falsehoods. *See, e.g.*, Lv. Mtn. Opp. at 2-8 (underscoring and explaining how the central argument proffered by Amici Movants is completely and utterly baseless); Answering Brief For Defendants-Appellees at 20 (refuting Amici Movants' unsupported, made-up theory that the 1909 Act somehow expanded "copyright protection beyond sheet music"); *id.* at 24 (refuting the fabrication Amici Movants offered in their motion for leave that "paper sheet music deposit" was only required under the 1909 Act because "accepting piano rolls" would have been "impracticable") (quoting proposed Amicus Brief); *id.* at 34-35 (explaining that Amici Movants misrepresented the Supreme Court's decision in *Washingtonian Publ'g Co. v. Pearson*, 306 U.S. 30 (1939), by omitting mention of the fact that *Washingtonian* addressed a published work and by ignoring that the 1909 Act expressly addresses the "secur[ing]," *i.e.*, creation, of copyright for published works).[2]

Amici Movants also incorrectly claim their participation in oral argument "will not be cumulative" because Appellant supposedly did "not focus on the historical context of the 1909 Act." On the contrary, Appellant, too, advanced the same fallacious arguments regarding the history of the 1909 Act and the purpose of

---

[2] Amici Movants try to bootstrap themselves into oral argument by pointing to the fact that Appellees' Answering Brief rebutted the baseless arguments Amici Movants presented in their Amicus Brief and their motion for leave to file such brief. The fact that Appellees were constrained to devote relatively modest attention to refuting Amici Movants' arguments (in case this Court accepted their Amicus Brief) does not elevate their arguments into "significant topics of debate critical to the resolution of this issue" as Amici Movants claim.

the deposit requirement – at one point using the exact term Amici Movants champion: "historical framework." *See* Brief And Special Appendix For Plaintiff-Appellant at 13-27. And Appellant also proffered the same unfounded "common law" argument that Amici Movants claim they alone would argue (*id.* at 15 n.6) – critically, an argument Appellant never presented below (*see* A1300-06), and which, in addition to its complete lack of merit, Amici Movants therefore also cannot advance on this appeal. *See, e.g.*, *Downing/Salt Pond Partners, L.P. v. Rhode Island & Providence Plantations*, 643 F.3d 16, 28 (1st Cir. 2011) ("Amici may not make up for waiver by a party, and may not introduce a new argument into a case") (citations, quotations & brackets omitted).

The remainder of the Motion recycles the baseless – and demonstrably false – arguments that Movants already made in support and further support of their motion for leave to file an Amicus Brief and otherwise attempts to offer an impermissible reply to Appellees' Answering Brief. Thus, not only are Amici Movants seeking to argue an issue about the supposed expansion of federal copyright protection based on common law copyright that has not been preserved for appeal, it is also an argument with no support beyond Amici Movants' and Appellant's *ipse dixit*. Appellees already have addressed and refuted each and every one of these arguments, and they respectfully refer the Court to their Answering Brief and Opposition to the motion for leave to file an Amicus Brief.

4

## **CONCLUSION**

For the foregoing reasons, Appellees respectfully submit that the Motion should be denied.

Dated:  New York, New York
　　　　March 8, 2024

                                          PRYOR CASHMAN LLP

                                        By: */s/ Donald S. Zakarin*
                                              Donald S. Zakarin
                                              dzakarin@pryorcashman.com
                                              Ilene S. Farkas
                                              ifarkas@pryorcashman.com
                                              Andrew M. Goldsmith
                                              agoldsmith@pryorcashman.com
                                              Brian M. Maida
                                              bmaida@pryorcashman.com
                                        7 Times Square
                                        New York, New York 10036-6569
                                        Telephone:  (212) 421-4100
                                        Facsimile:   (212) 326-0806

                                        *Attorneys for Defendants-Appellees*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing memorandum of law complies with FRAP 27 and Local Rule 27, because it contains 1,043 words. In preparing this certification, I have relied on the word processing software used to prepare this document.

*/s/ Donald S. Zakarin*
Donald S. Zakarin
